UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

NELSON ORTIZ

                    Plaintiff,

vs.

JCPENNEY, SCHINDLER ELEVATORS &
ESCALATORS IN BUFFALO and SCHINDLER
ELEVATOR CORPORATION

                    Defendants.

Case No. 16-cv-00569-EAW-HBS

---

**MEMORANDUM IN OPPOSITION TO MOTION TO REMAND AND IN SUPPORT OF CROSS-MOTION FOR LEAVE TO AMEND NOTICE OF REMOVAL AND TO AMEND ANSWER**

---

Paul G. Joyce, Esq.
Molly M. Krauza, Esq.
*Attorneys for Defendants J.C Penney Corporation, Inc.
and Schindler Elevator Corporation*
2000 Liberty Building
424 Main Street
Buffalo, New York 14202-3695

INTRODUCTION

Defendants J.C. Penney Corporation, Inc., improperly designated as JCPenney (hereinafter referred to as "J.C. Penney"), and Schindler Elevator Corporation, which is improperly designated as Schindler Elevators and Escalators in Buffalo (hereinafter referred to as "Schindler"), collectively referred to as "Defendants," by and through their attorneys, Colucci & Gallaher P.C., submit this in opposition to the Plaintiff's motion to remand this matter to state court and support of Defendants' cross-motion, pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, for an order granting Defendants' Motion for Leave to File an Amended Notice of Removal and an Amended Answer. Defendants respectfully request that they be permitted to amend their answer and their notice of removal to correct a technical defect in both pleadings, which is the Defendants' omission of the addresses of the respective Defendants' principal places of business. Such an amendment would resolve the Plaintiff's sole objection to the removal of this matter.

STATEMENT OF FACTS AND PROCEDURAL HISTORY

Plaintiff commenced this action by filing the Summons and Complaint with the Erie County Clerk's office on or about June 17, 2016 (ECF Doc. Nos. 1-1 and 1-2). Plaintiff's complaint alleges that J.C. Penney and Schindler are each a "foreign corporation" (ECF Doc. No. 1-2 at ¶¶ 2, 4), while also alleging that the Plaintiff is a resident of New York.

Plaintiff's complaint also states that Schindler has a "principal *location* at 20 Whippany Rd. [sic] Morristown, New Jersey 07960" (ECF Doc. No. 1-2 at ¶ 4 (emphasis added)). It is unclear if Plaintiff intended to make "principal location" synonymous with "principal place of business." Regardless, Plaintiff has acknowledged in the complaint that he was commencing litigation in New York State Supreme Court, Erie County against a

defendant with a principal place of business located outside of New York. Schindler's principal place of business is the New Jersey address set forth in Plaintiff's complaint (*see* ECF Doc. No. 3).

Plaintiff's complaint did not contain any allegations regarding J.C. Penney's principal place of business or "principal location;" it alleges that J.C. Penney, "is a foreign corporation doing business in the Town of Amherst, County of Erie and State of New York at 1303 Niagara Falls Boulevard, Amherst, New York (ECF Doc. No. 1-2 at ¶ 2). This address is the location of the specific J.C. Penney's department store where Plaintiff alleges he was injured, not J.C. Penney's principal place of business, which is 6501 Legacy Drive, Plano, Texas 75024 (*see* ECF Doc. No. 8, Ex. A).

Defendants timely filed a Notice of Removal with this Court on July 13, 2016 (ECF Doc. No. 1). Defendants' removal notice clearly states that Defendants are foreign corporations, and that, upon information and belief, the amount in controversy is and may be more than $75,000, and therefore this Court has jurisdiction over this case based upon diversity of the parties ((ECF Doc. No. 1 at ¶¶5, 6, 10). Moreover, Defendants' answer, which was filed with this Court on July 22, 2016, admits that the Defendants are *foreign corporations* doing business in the State of New York (ECF Doc. No. 3 at ¶¶ 2, 4).

Defendants seek to clarify through an amended answer and an amended notice of removal the specific location of each defendant's foreign, principal place of business, which at all times relevant to this motion has been located outside of New York State. True and correct copies of Defendants' proposed amended notice of removal and proposed amended answer are attached to the accompanying affidavit of Paul G. Joyce as **Exhibit A** and **Exhibit B**, respectively**.**

## ARGUMENT

This case must not be remanded to state court because Defendants have properly demonstrated that this Court has jurisdiction over the parties, based upon diversity of citizenship, and because more specific grounds validating removal can be shown through an amended notice of removal and/or an amended answer in order to address Plaintiff's sole objection.

To establish diversity jurisdiction, a party must show that the amount in controversy exceeds $75,000 and that the matter is between citizens of different states. 28 U.S.C. §1332. A party may remove a civil action brought in a state court of which the district courts of the United States have original jurisdiction, as long as the party seeking removal files its notice of removal within thirty days after receiving the initial pleading. *See* 28 U.S.C. §1441; 28 U.S.C. §1446.

In the instant case, Defendants notice of removal meets all of the above-stated requirements. Specifically, Defendants' notice of removal: (1) was timely filed, as not more than 30 days had elapsed since receipt of Plaintiff's summons and complaint; (2) stated that the amount in controversy is and may be more $75,000; and (3) stated that plaintiff is a citizen of New York and defendants are foreign corporations, thereby establishing diversity of citizenship. However, in the event the Court finds that these averments were imperfectly stated, or technically defective in any way, Defendants respectfully request leave to amend their notice of removal and their answer to cure such imperfections or technical defects.

Federal Rule of Civil Procedure 15(a)(2) states that the Court should "freely give leave" to amend pleadings "when justice so requires." This Court has stated that:

> Unless the proposed amendment to the [pleading] will result in undue prejudice to the other party, has been unduly delayed, has not been offered in good faith or the moving party has had repeated opportunities to cure defects by amendments previously allowed, leave to amend should be liberally granted.

*Barbarino v. Anchor Motor Freight, Inc*. 421 F. Supp. 1003, 1005-1006 (W.D.N.Y. 1976),

*citing Forman v. Davis*, 371 U.S. 178, 182 (1962).

Additionally, 28 U.S.C. § 1653 provides that "defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." The Second Circuit has stated that, "[a]n application under § 1653 is… addressed to the discretion of the court, and usually the section is to be construed liberally to permit the action to be maintained if it is at all possible to determine from the record that jurisdiction does in fact exist." *John Birch Soc. v. National Broadcasting Co.*, 377 F.2d 194, 199 (2d Cir. 1967).

Specifically, a petition for removal "may be amended to set forth more specifically the grounds for removal which were imperfectly stated in the original petition." *CBS v. Snyder*, 762 F. Supp. 71, 73 (S.D.N.Y. 1991). In other words, "where the defect is 'technical' and there are averments reflecting an imperfect attempt to show jurisdiction … the trial court has the power to permit untimely amendment of the petition." *Id.* "*Pro forma* defects cannot suffice to deprive a party of a plain entitlement to a federal forum." *Id.* at 74; *see also Browne Bros Cypen Corp. v. Carner Bank of Miami Beach*, 287 F. Supp. 700 (S.D.N.Y. 1968) (technical defects should not defeat removal except in cases where the defects lead to doubt of federal jurisdiction; a contrary result would exalt form over substance in cases where federal jurisdiction was unquestionable present.).

Here, the proposed amendment to both the Defendants' answer and the notice of removal will correct a technical defect and rebut Plaintiff's attempt to the show that removal was improper. Similar to the defendants in *Rhinehart v. CSX Transp., Inc.*, 2010 U.S. Dist. LEXIS 56602 (W.D.N.Y. 2010), Defendants filed a notice of removal asserting diversity of citizenship as the basis for federal jurisdiction, but did not identify the defendant's principal place of business. In *Rhinehart*, Plaintiff responded to Defendants' removal with a motion

to remand the action to state court on the basis that "Defendants, by failing to assert in the Removal Notice [the defendant's] principal place of business, have not sufficiently established diversity as the basis for federal jurisdiction." *Id.* at *3. Defendants, in response, filed a motion to amend the removal notice. *Id*. at *4. The Court, in denying the plaintiff's motion for remand and granting defendants' motion to amend, found that Defendants' error is "more properly considered as '*pro forma'* rather than fundamental, such that defendants' filing of the motion after the 30-day limit in which to removed has elapsed does not preclude the motion." *Id*. at *19.

Additionally, this Court in *Rhinehart* rejected plaintiff's argument that the case should be remanded based upon the fact that plaintiffs failed to establish conclusively total diversity of citizenship of the corporate defendants. *Id*. at 10. Specifically, this Court noted that plaintiff's argument "confuses the standard necessary to establish diversity jurisdiction for purposes of pleading, with the standard necessary to establish diversity jurisdiction to survive a motion to dismiss." *Id*. To establish diversity jurisdiction in the pleadings, a defendant need only provide what is required by Rule 8 of the Federal Rules of Civil Procedure- "a short and plain statement of the grounds for the court's jurisdiction." *Id.* at 15; *see also* Fed. R. Civ. P. 8(a)(1).

Similar to the plaintiff in *Rhinehart*, Plaintiff here argues that "defendants have failed to allege and show that there is diversity between the parties; therefore, US District Court does not have proper subject matter jurisdiction in this matter" (ECF Doc. No. 8 at ¶ 5). In support of his argument, Plaintiff contends that Defendants have failed to show that J.C. Penney and Schindler are not citizens of New York (ECF Doc. No. 8 at ¶ 6).

Defendants, however, consistently allege in both the notice of removal and the answer

the same facts that are contained in Plaintiff's complaint - that J.C. Penney and Schindler are both foreign corporations doing business in the State of New York (ECF Doc. Nos. 1, 1-2 and 3).  As this Court has recognized, "although a corporation may conduct business in several states, only one state can serve as the corporation's principal place of business for diversity jurisdiction." *Rhinehart*, 2010 U.S. Dist. LEXIS at 6.  Defendants admitted in their answer that Schindler's principal location at 20 Whippany Rd., Morristown, New Jersey 07960," but concededly did not clarify that the address is also Schindler's *principal place of business*.  While Defendants admit omitted the specific location of J.C. Penney's principal place of business as well, at no point have Defendants denied that J.C. Penney is a foreign corporation for diversity purposes.  Thus, Defendants seek leave to amend both the notice of removal and their answer to correct this technical defect.

Defendants' request for leave to amend is made at such an early stage (approximately one month following its answer being filed, and approximately six weeks after the notice of removal was filed), before any discovery has been commenced or conference has taken place, that it cannot be found to prejudice Plaintiff.  *See e.g. Hoyle v. Dimond*, 612 F. Supp. 2d 225, 233-34 (W.D.N.Y. 2009) (motion to amend was granted for the following reasons: (1) because it was found not to unduly delay, as it was filed two months after the complaint, before any discovery had commenced, and (2) because the "proposed amendment would not result in prejudice to [non-moving party] as it was predicated on same factual allegations as original complaint.").  Defendants have already admitted that they are foreign corporations, and that the parties' complete diversity provides a basis for the federal court's jurisdiction over this case; they seek leave merely to clarify the address of each defendant's principal place of business, neither of which is in New York.

Moreover, Plaintiff should already be aware of the locations of defendants' principal places of business, given that Plaintiff, in support of his motion to remand, submitted an exhibit containing New York State Department of State - Division of Corporations Entity Information, which lists J.C. Penney's "Principal Executive Office" as "6501 Legacy Drive, Plano, Texas 75024-3698," and Schindler's as "20 Whippany Rd, Morristown, New Jersey 07960." *See* ECF Doc. No 8 pp. 6 & 8; *see also Rhinehart*, 2010 U.S. Dist. LEXIS at 6, *citing Hertz Corp v. Friend*, 559 U.S. 77(2010) (holding a corporation's principal place of business should normally be the place where the corporation maintains its headquarters).

## CONCLUSION

Based upon the foregoing, Defendants J.C. Penney Corporation, Inc. and Schindler Elevator Corporation respectfully request that this Court grant their motion for leave to amend Defendants' notice of removal and Defendants' answer to specifically include the locations of Defendants' principal places of business, and deny the Plaintiff's motion to remand the matter to state court given the diversity of jurisdiction of the parties.

DATED:      August 30, 2016            COLUCCI & GALLAHER, P.C.


                                       By:    */s/ Paul G. Joyce*
                                              Paul G. Joyce
                                              Molly M. Krauza
                                              *Attorneys for Defendants J.C Penney Corporation, Inc. and Schindler Elevator Corporation*
                                              2000 Liberty Building
                                              424 Main Street
                                              Buffalo, New York 14202-3695
                                              (716) 853-4080
                                              pjoyce@colucci-gallaher.com
                                              mkrauza@colucci-gallaher.com

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on August 30, 2016, I electronically filed the foregoing with the

clerk of the District Court using its CM/ECF system, which, in turn, electronically

transmitted the foregoing to the following attorney for plaintiff:

Nelson S. Torre, Esq.
438 Main Street, 9th Floor
Buffalo, NY 14202
*Attorney for Plaintiff*

By:   */s/ Paul G. Joyce*
         Paul G. Joyce
         Molly M. Krauza
         *Attorney for Defendants Schindler Elevator &*
         *Escalators in Buffalo and Schindler Elevator*
         *Corporation*
         COLUCCI & GALLAHER, P.C.
         2000 Liberty Building
         Buffalo, New York 14202-3695
         (716) 853-4080
         pjoyce@colucci-gallaher.com
         mkrauza@colucci-gallaher.com