UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Nelson Ortiz,

                                    Plaintiff,

                                                                        **Report and Recommendation**

                    v.                                                  16-CV-569W

JCPenney,
Schindler Elevators & Escalators In
   Buffalo, and
Schindler Elevator Corporation,

                                    Defendants.

## I.    INTRODUCTION

Plaintiff Nelson Ortiz ("Ortiz") filed suit in state court alleging that he suffered injuries in a

defective elevator located at a retail store in Amherst, New York.  Defendants JCPenney,

Schindler Elevators & Escalators In Buffalo, and Schindler Elevator Corporation removed the case

to this Court, asserting that none of them is a New York citizen like Ortiz and that Ortiz's medical

treatments and other expenses would exceed $75,000 in value.  Seeing improper ambiguities in the

notice of removal with respect to diversity of citizenship, Ortiz filed a motion (Dkt. No. 8) to

remand the case to state court.  Defendants meanwhile have filed a cross-motion (Dkt. No. 11) for

leave to amend their answer and notice of removal.  Defendants acknowledged implicitly that the

answer and notice of removal lacked definitive information about their citizenship but argued that

they are in fact diverse and that they are seeking only to correct technical defects.

The Hon. Elizabeth A. Wolford has referred this case to this Court under 28 U.S.C. § 636(b).  (Dkt. No. 9.)  On September 1, 2016, the Court advised the parties to include in their motion papers supplemental information about diversity of citizenship and the amount in controversy.  (Dkt. No. 12.)  With all of the motion papers now filed and considered, the Court deems the pending motions submitted under Rule 78(b) of the Federal Rules of Civil Procedure ("FRCP").  For the reasons below, the Court respectfully recommends granting Ortiz's motion and denying defendants' cross-motion as moot.

## II.   BACKGROUND

This case concerns allegations that a defective elevator injured Ortiz at a JCPenney retail store in the Boulevard Mall in Amherst, New York.  The complaint, having been filed in state court and likely conforming to state pleading standards, contains little information about preceding events beyond a mention that Ortiz visited the JCPenney on January 8, 2016.  (Dkt. No. 1-2 at 3.)  As for the alleged incident itself, Ortiz wrote in the complaint only that an elevator at the store had a defective condition and that "this defective condition consisted of the Elevator dropping suddenly between floors until it came to an abrupt stop, whereupon plaintiff Nelson Ortiz was propelled violently within the Elevator and thrown about causing serious bodily injuries."  (*Id.* at 4.)  Two paragraphs in the complaint describe the injuries that Ortiz allegedly suffered:

> A[s] a result of the occurrence, the plaintiff was rendered sick, sore, lame, and disabled and has remained so since the occurrence. His injuries, upon information and belief, are of permanent character.  He has suffered and continues to suffer mental anguish and conscious pain and suffering.  He has been compelled to expend money and incur obligations for physicians' services and medical expense for the care and treatment of his injuries including spinal surgery and

2

hospitalization. Upon information and belief, he will be compelled to incur additional monies for physicians' and medical expenses for the further care and treatment of his injuries.

By reason thereof, the plaintiff has been prevented from following his usual vocation incurring monetary losses, and has been obligated to incur expenses and obligations for medicines, medical care, attention and treatment and he has been informed, and he verily believes, that he will in the future be obligated to incur further expenses for the same.

(*Id.* at 5–6.) The complaint contained what appear to be three causes of action: common-law negligence, a violation of New York Labor Law § 200, and a violation of Labor Law § 241(6). Ortiz filed the summons and complaint with State Supreme Court, Erie County, on June 17, 2016. Notably, the complaint did not contain a demand for a specific amount of damages. Almost certainly because of the application of N.Y. CPLR 3017(c), the complaint contained only an assertion that "[t]he amount of damages sought in this action exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction." (*Id.* at 6.)

The case soon arrived at this Court. Defendants filed their notice of removal on July 13, 2016. (Dkt. No. 1.) Defendants invoked 28 U.S.C. §§ 1332 and 1441 and asserted that the Court has diversity jurisdiction. Defendants made several assertions to show diversity of citizenship, but all of the assertions were cast as restatements of allegations from the complaint:

According to plaintiff's summons, he resides in the County of Erie, in the State of New York.

- Plaintiff's complaint alleges that Defendant JCPenney is a foreign corporation. See Exhibit A, ¶ 2.

- Plaintiff's complaint alleges that Defendant Schindler Elevator Corporation is a foreign corporation. See Exhibit A, ¶ 4.

- Plaintiff's complaint alleges that Defendant Schindler Elevator & Escalators in Buffalo is a foreign corporation.  See Exhibit A, ¶ 3.

- While Plaintiff alleges that Defendant Schindler Elevator & Escalators In Buffalo is a foreign corporation, a search of the New York State Department of State shows that there is no such corporate entity.

- Upon information and belief, the plaintiff has identified Schindler Elevator & Escalators In Buffalo as a trade name of defendant Schindler Elevator Corporation.

(Dkt. No. 1 at 1–2.)  To establish the threshold amount in controversy, defendants offered the following information:

> Upon information and belief, the amount in controversy is and may be more than $75,000.00.  The complaint does not contain a request to recover a sum certain, but the complaint alleges that the plaintiff sustained "serious and permanent bodily injuries damages," including mental anguish, conscious pain & suffering, expenses for physicians services and medical expenses including a spinal surgery & hospitalization.  See Exhibit A, ¶ 26.

> Plaintiff has further alleged that he has suffered monetary loss as a result of his being prevented from following his usual vocation, has incurred expenses for medicine, medical care, attention and treatment, and that these expenses and loss of income will continue to accrue.  See Exhibit A, ¶ 27.

> Plaintiff has further alleged that the amount of damages exceeds the jurisdictional limits of all lower courts that could otherwise have jurisdiction.  See Exhibit A, ¶ 28.

(*Id.* at 2.)  Defendants also filed their answer on July 22, 2016.  (Dkt. No. 3.)  In their answer, defendants denied having knowledge and information sufficient to form a belief about whether "SCHINDLER ELEVATOR CORPORATION was the parent company of defendant

4

SCHINDLER ELEVATORS & ESCALATORS IN BUFFALO and effectively owned and controlled such subsidiary business." (*Compare* Dkt. No. 1-2 at 2 ¶ 5 *with* Dkt. No. 3 at 2 ¶ 5.)

On August 12, 2016, Ortiz filed his pending motion for remand. Ortiz argued that each defendant simply repeated allegations in the complaint and made an insufficient showing that its citizenship differs from his own. Ortiz considered the problems with the notice of removal to be problems beyond technical defects. Ortiz did not raise any issue pertaining to the amount in controversy. Ortiz included with his motion papers printouts of what appear to be entries from the New York Department of State's online database of corporations. One printout lists "J.C. Penney Corporation, Inc." as a Delaware corporation registered in New York as a foreign business corporation, with a principal executive office in Plano, Texas. (Dkt. No. 8 at 6.) The other printout lists "Schindler Elevator Corporation" as a Delaware corporation registered in New York as a foreign business corporation, with a principal executive office in Morristown, New Jersey. (*Id.* at 8.)

In opposition to Ortiz's motion for remand, defendants filed a cross-motion for leave to amend their answer and their notice of removal. (Dkt. No. 11.) Defendants asserted that JCPenney and Schindler Elevator Corporation are in fact diverse citizens, making any deficiency in the notice of removal a technical deficiency that can be corrected. As part of their motion papers, defendants submitted a proposed amended notice of removal. (Dkt. No. 11-2.) The proposed amended notice of removal would state affirmatively that JCPenney and Schindler Elevator Corporation are Texas and New Jersey citizens, respectively. (*Id.* at 2.) The proposed amended notice of removal would continue to state that "[u]pon information and belief, the plaintiff has

identified Schindler Elevator & Escalators In Buffalo as a trade name of defendant Schindler

Elevator Corporation." (*Id.*) The proposed amended answer would add a principal place of

business in Texas for JCPenney and in New Jersey for Schindler Elevator Corporation. (Dkt. No.

11-3 at 1–2.) The proposed amended answer would continue to "lack knowledge and information

sufficient to form a belief about" paragraph five of the complaint and the relationship between

Schindler Elevator Corporation and Schindler Elevator & Escalators In Buffalo. (*Id.* at 2.)

After reviewing the parties' motion papers, the Court decided to seek further guidance

from them concerning some jurisdictional ambiguities that persisted in the record. On September

1, 2016, the Court issued an electronic Text Order that set scheduling for defendants' cross-

motion and that solicited additional information for three issues. (Dkt. No. 12.) The Court

wanted the parties to comment on whether the rules for amended pleadings can apply to a notice

of removal. The Court asked the parties whether they could reach a consensus as to where each

named defendant is incorporated and has a principal place of business. Finally, the Court asked

the parties whether they dispute that the amount in controversy exceeds $75,000.

Ortiz responded to the Court's Text Order by reiterating that the notice of removal was

fundamentally defective because it failed to establish each defendant's citizenship. (Dkt. No. 13 at

3.) Ortiz rejected any characterization of the defects as technical and highlighted that "even the

defendant's proposed Amended Notice of Removal and Amended Answer are silent as to the

actual citizenship of that business entity [*i.e.*, Schindler Elevators & Escalators In Buffalo]." (*Id.* at

4.) According to Ortiz, "[t]he original Notice of Removal and the original Answer likewise

contained no facts regarding the citizenship or the nature of the business entity called

6

SCHINDLER ELEVATORS & ESCALATORS IN BUFFALO which is located in Williamsville,

New York.  This raises an inference that defendant SCHINDLER ELEVATORS &

ESCALATORS IN BUFFALO is a domestic business which resides and conducts business wholly

within New York State." (*Id.* at 5.)  Ortiz did not comment on the amount in controversy except

to emphasize that defendants did not use CPLR 3017(c) to obtain an "unequivocal statement from

plaintiff regarding the damages sought." (*Id.* at 7.)  Ortiz included with his supplemental papers an

exhibit that purportedly is a printout from an unspecified website showing that defendant

Schindler Elevators & Escalators In Buffalo has a corporate address in Williamsville, New York.

(Dkt. No. 14 at 4–5.)  Without taking any position on the content of the printout, the Court takes

judicial notice that there is a webpage, http://www.schindler.com/us/internet/en/contact.html

(last visited Nov. 15, 2016), for a Morristown, New Jersey corporation called Schindler Elevator

Corporation.  From the URL above, a visitor can go to a drop box titled, "Please select your local

office."  Selecting the Buffalo, New York option takes the visitor to a page within the website that

looks essentially identical to the exhibit that Ortiz has provided.  The Court will discuss below the

significance of the webpage and the drop box within it.

Defendants responded to the Court's Text Order by noting that the parties conferred

about the Text Order as the Court encouraged them to do.  (Dkt. No. 15 at 1.)  Defendants

asserted "that Schindler Elevators & Escalators in Buffalo was not an incorporated entity, but

simply how Schindler advertised its services in Western New York." (*Id.* at 2.)  Defendants' filing

does not note whether Ortiz agreed.  Defendants also provided what appears to be documentation

that the New York Department of State corporate database contains no listing for a corporation

7

called "Schindler Elevators & Escalators in Buffalo." (Dkt. No. 15-2.)  With respect to the amount

in controversy, the parties appear to have "agreed that the injuries alleged in the complaint, if

recovered, would exceed the amount in controversy requirement." (Dkt. No. 15 at 2.)  No

documentation such as medical records, medical billing, or insurance claims accompanied the

purported agreement.

## III.   DISCUSSION

The Court will begin by assessing Ortiz's motion to remand, using information from the

record including what defendants would want to add to their notice of removal and answer.  If a

remand turns out to be necessary even with the additional information then amending the notice

of removal and the answer would become moot.

### A.      *Removal and Remand Generally*

The basics of removal and remand are straightforward.  District courts have original

jurisdiction over any civil action in which the amount in controversy exceeds $75,000 and the

litigants have diversity of citizenship.  *See* 18 U.S.C. § 1332(a) (Westlaw 2016).  For purposes of

diversity and removal, and with exceptions not relevant here, "a corporation shall be deemed to be

a citizen of every State and foreign state by which it has been incorporated and of the State or

foreign state where it has its principal place of business." *Id.* § 1332(c)(1).  When determining

diversity of citizenship, fictitious "John Doe" defendants are disregarded.  28 U.S.C. § 1441(b).

Procedurally, "[a] defendant or defendants desiring to remove any civil action from a State court

shall file in the district court of the United States for the district and division within which such

action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil

Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." *Id.* § 1446(a).  With diversity jurisdiction, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that the notice of removal may assert the amount in controversy if the initial pleading seeks . . . a money judgment, but the State practice  . . . does not permit demand for a specific sum . . .; and removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." *Id.* § 1446(c).

Removal is a unilateral action, but plaintiffs who believe that a removal occurred improperly can make a motion for remand under 28 U.S.C. § 1447(c).  The removing party bears the burden of proving that remand was proper.  "As [a removing party] is seeking relief subject to this supervision, it follows that he must carry throughout the litigation the burden of showing that he is properly in court.  The authority which the statute vests in the court to enforce the limitations of its jurisdiction precludes the idea that jurisdiction may be maintained by mere averment or that the party asserting jurisdiction may be relieved of his burden by any formal procedure.  If his allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof.  And where they are not so challenged the court may still insist that the jurisdictional facts be established or the case be dismissed, and for that purpose the court may demand that the party alleging jurisdiction justify his allegations by a preponderance of evidence." *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S.

178, 189 (1936); *accord Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010) ("The burden of persuasion

for establishing diversity jurisdiction, of course, remains on the party asserting it.") (citations

omitted). Parties seeking remand enjoy the benefit of the doubt. "The right to remove a state

court action to federal court on diversity grounds is statutory and must therefore be invoked in

strict conformity with statutory requirements. In light of the congressional intent to restrict federal

court jurisdiction, as well as the importance of preserving the independence of state governments,

federal courts construe the removal statute narrowly, resolving any doubts against removability."

*Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1045–46 (2d Cir. 1991) (citations omitted).

With the above general principles in mind, the Court turns to the specific challenges that

Ortiz has made to defendants' removal.

B.      *Diversity of Defendants' Citizenship*

Ortiz has challenged the adequacy of defendants' notice of removal with respect to diversity

of citizenship. Ortiz has argued specifically that the notice of removal parrots his allegations in the

complaint about each defendant's citizenship, without offering any affirmative declaration of

citizenship. Substantively, Ortiz is right. The "short and plain statement of the grounds for

removal" required by Section 1446(a) has to be an affirmative declaration from the removing party,

to avoid an impermissible shifting of the burden of proving that remand was proper. *Cf. Baer v.

United Servs. Auto. Ass'n*, 503 F.2d 393, 394 (2d Cir. 1974) (prompting more scrutiny where "in its

answer in the district court, United, while purporting to concede that it 'is a citizen and resident of

the State of Texas,' nevertheless denied that it had 'knowledge or information sufficient to form a

belief as to' whether it is a corporation."); *Oster v. Rubinstein*, 136 F. Supp. 733, 734 (S.D.N.Y.

10

1955) ("The absence of a positive averment of Rubinstein's citizenship renders the complaint jurisdictionally defective."). In the notice of removal, defendants could have made an original statement about their citizenship or at least done what two of them did about a week later in their answer—formally admit the allegations of citizenship in the complaint. (Dkt. No. 3 at 1 ¶¶ 2, 4.) The failure to make an explicit declaration of citizenship rendered the notice of removal defective on that point. Defendants' desire to add an explicit declaration—though motion papers and exhibits opposing Ortiz's motion and through their cross-motion—does not, however, add or alter the grounds for removal. Defendants seek only to flesh out a ground for removal already asserted, a goal "more analogous to a clarification or amplification of an ill-pleaded allegation than it is to the assertion of an entirely new ground for removal." *CBS Inc. v. Snyder*, 762 F. Supp. 71, 74 (S.D.N.Y. 1991); *accord Rhinehart v. CSX Transp., Inc.*, No. 10-CV-0086A(F), 2010 WL 2388859, at *4 (W.D.N.Y. June 9, 2010); *see also* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."). To that end, the record contains enough information to satisfy the Court at this time that 1) JCPenney was incorporated in Delaware and has a principal place of business in Plano, Texas; and 2) Schindler Elevator Corporation was incorporated in Delaware and has a principal place of business in Morristown, New Jersey. Of course, because subject-matter jurisdiction never can be stipulated or waived, Ortiz retains the right to revisit the above two defendants' citizenship if discovery uncovers contrary information later.

With respect to the defendant named Schindler Elevators & Escalators In Buffalo, Ortiz correctly has identified a lingering problem that defendants have not addressed to the Court's

Case 1:16-cv-00569-EAW-HBS   Document 16   Filed 11/15/16   Page 12 of 18

satisfaction.  The notice of removal stated ambiguously, and upon information and belief only, that the complaint identified this defendant as a "trade name."  The Court gave defendants an opportunity, through the September 1, 2016 Text Order, to clarify the status of this defendant. Although defendants have responded briefly that the entity has something to do with advertising, the Court has no idea what this entity is.  This entity is not a fictitious "John Doe" entity that could be disregarded under 28 U.S.C. § 1441(b)(1).  The Schindler Elevator Corporation website seems to list "Schindler Elevators & Escalators In Buffalo" as something real and distinct from Schindler Elevator Corporation.  The Court is willing to accept defendants' filings indicating that Schindler Elevators & Escalators In Buffalo is not its own corporation and might be a trade name or DBA.  If just a trade name or DBA, though, then why doesn't the trade name appear in any governmental registries?  Adding to the confusion is Schindler Elevator Corporation's insistence, even through the proposed amended notice of removal and answer, that it "lack[s] knowledge and information sufficient to form a belief" (Dkt. No. 11-3 at 2 ¶ 5) about an entity appearing on its own website; since the same paragraph in the proposed answer applies to all defendants, it also means that Schindler Elevators & Escalators In Buffalo cannot form a belief about its own status or relationship to Schindler Elevator Corporation.  (*See also* Dkt. No. 11-2 at 2 ¶¶ 8–9 ("While Plaintiff alleges . . . . Upon information and belief, the plaintiff has identified . . . .").)[1]  *Cf. Sibley v.*

---

[1] In fairness to defendants, paragraph five of the complaint combines two issues: whether Schindler Elevator Corporation were the parent company of Schindler Elevators & Escalators In Buffalo, and whether the former "effectively owned and controlled" the latter.  (Dkt. No. 1-2 at 2.)  Perhaps defendants were reacting to paragraph five as a whole.  Even so, however, "[a] party that intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest."  FRCP 8(b)(4). Defendants should have been able to address the parent-company issue even if they wanted to avoid addressing the phrase "effectively owned and controlled."

*Choice Hotels Int'l, Inc.*, 304 F.R.D. 125, 134 (E.D.N.Y. 2015) ("Paragraph 3 of the Complaint

simply identifies the defendants in this action.  Choice Hotels answered this allegation as follows:

'Denies upon information and belief each and every allegation contained in paragraph designated

"3" of the complaint as to this answering defendant, otherwise denies having knowledge or

information sufficient to form a belief and refers all questions of law to this Honorable Court.'  So

basically, Choice Hotels denies that it is a defendant in this action and denies having knowledge or

information as to whether the other defendants are defendants in this action, and Plaintiff seeks to

establish that Choice Hotels and the other defendants are in fact defendants in this action.");

*Certain Underwriters at Lloyd's, London Subscribing to Certificate No. IPSI 12559 v. SSDD, LLC*, No.

4:13-CV-193 CAS, 2013 WL 6801832, at *3 (E.D. Mo. Dec. 23, 2013) ("In responding to a

complaint, a party may not deny sufficient information or knowledge with impunity, but is subject

to the requirements of honesty in pleading.  An averment will be deemed admitted when the

matter is obviously one as to which a defendant has knowledge or information.") (internal

quotation marks and citations omitted); *Beckman v. Pajian*, No. 03 C 1511, 2003 WL 1563699, at

*1 (N.D. Ill. Mar. 24, 2003) ("To begin with, Pajian disclaims under the second sentence of Fed. R.

Civ. P. ('Rule') 8(b) any ability to respond to the Complaint's allegations as to Pajian Carpets' state

of incorporation and principal place of business.  Although that disclaimer is proper in form, the

fact that Pajian and Pajian Carpets share the same proper name would strongly suggest the

likelihood that he would have at least enough information to support a belief as to the truth of the

allegations.") (citation omitted).

The doubt that surrounds Schindler Elevators & Escalators In Buffalo and its relationship to Schindler Elevator Corporation is the kind of doubt that tips the scales in favor of remand under the required narrow construction of the removal statute.  The Court could prolong the proceedings and order an evidentiary hearing in addition to the supplemental information that it already has solicited.  A hearing, though, likely would require testimony from corporate representatives, possibly some from out of town.  As discussed below, diversity of citizenship is not the Court's only concern about jurisdiction, and opening any hearing to all jurisdictional issues would expand the hearing until it resembled the depositions that probably will occur during regular discovery.  With these circumstances, the better course is to let this case develop factually in state court.  Under 28 U.S.C. § 1446(b)(3), defendants likely could remove at a later time if circumstances change and some "other paper" later demonstrates the propriety of removal.

C.    *Amount in Controversy Here*

The Court next takes a look at the issue of the amount in controversy.  "The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938) (citations omitted).  The issue becomes more complicated when a plaintiff has not asserted an explicit amount in controversy.  Removing parties can fill the void by making a jurisdictional assertion in the notice of removal.  "[A]s specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests,

14

or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co., LLC v. Owens*, ___ U.S. ___, 135 S. Ct. 547, 554 (2014). "Where, as here, jurisdictional facts are challenged, the party asserting jurisdiction must support those facts with competent proof and justify its allegations by a preponderance of evidence." *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 305 (2d Cir. 1994) (internal quotation and editorial marks and citation omitted); *see also* 28 U.S.C. § 1446(c). "Where the pleadings themselves are inconclusive as to the amount in controversy, however, federal courts may look outside those pleadings to other evidence in the record." *United Food*, 30 F.3d at 305 (citations omitted). Examples of evidence that can help resolve an amount in controversy include reliable settlement demand letters, *see Burg v. Primal Vantage Co.*, No. 13-CV-1121S, 2014 WL 448519, at *5 (W.D.N.Y. Feb. 4, 2014) (citations omitted), *report and recommendation adopted*, 2014 WL 1609658 (W.D.N.Y. Apr. 22, 2014); certified medical records, *see Farr v. Marp Limited, LLC*, No. 14-CV-941, Dkt. No. 10, at *4 (W.D.N.Y. Dec. 3, 2014) (uncertified and unauthenticated medical records created doubt in favor of remand), *report and recommendation adopted*, Dkt. No. 11; and certified documents pertaining to insurance coverage or payments, *see D'Andrea v. Encompass Ins. Co.*, No. 15-CV-467, Dkt. No. 9 (W.D.N.Y. Mar. 28, 2016) (sworn proofs of loss under an insurance policy create a reasonable probability that the amount in controversy crosses the $75,000 threshold).

This case does not yet contain sufficient information to establish a threshold amount in controversy. Ortiz did not include an explicit amount in controversy in his complaint, likely because state law prohibited him from doing so. N.Y. CPLR 3017(c) ("In an action to recover

damages for personal injuries or wrongful death, the complaint . . . shall contain a prayer for

general relief but shall not state the amount of damages to which the pleader deems himself

entitled."). Defendants removed this case before serving a supplemental demand for total damages

under N.Y. CPLR 3017(c), meaning that "they are at a disadvantage to proving the amount in

controversy to a reasonable probability." *Gullo v. Burns*, No. 13-CV-6331, 2013 WL 3364366, at *1

(W.D.N.Y. July 3, 2013) (citation omitted); *see also Abbas v. Kienzler*, No. 10-CV-5100 RRM VVP,

2010 WL 5441663, at *2 (E.D.N.Y. Dec. 23, 2010) ("The Court notes that Defendants have not

availed themselves of the provisions of Section 3017(c) of the New York Civil Practice Laws and

Rules, which allows defendants to request, at any time, a supplemental demand setting forth the

total damages to which the pleader deems himself entitled. Had they done so before attempting to

remove this action, Defendants may have been in a position to ascertain the existence of the

amount in controversy in a manner sufficient to meet their burden on removal."), *quoted in*

*Boeck v. Pac. Cycle, Inc.*, No. 10-CV-667A, 2011 WL 98493, at *3 (W.D.N.Y. Jan. 12, 2011). Other

information in the pleadings is limited. Ortiz made reference to "permanent" injuries including

"mental anguish and conscious pain and suffering" (Dkt. No. 1-2 at 5–6) without providing any

detail, which state procedural rules likely would not have required. Ortiz also made conclusory

references to medical expenses and medical treatments including "spinal surgery and

hospitalization" (*id.* at 6) without describing the surgery or specifying what expenses were involved.

The notice of removal (Dkt. No. 1 at 2) and proposed amended notice of removal (Dkt. No. 11-2

at 2) added no details and attached no documentation. No medical records, insurance bills, or

other informative documents appear anywhere else in the record. *Cf., e.g., Kum v. Walcott*, No.

16

12-CV-4608 RRM RER, 2012 WL 4772072, at *2 (E.D.N.Y. Oct. 5, 2012) (rejecting an "unsworn and unsupported allegation" that shoulder surgery "routinely" costs more than $75,000); *Schober v. Praxair, Inc.*, No. 08-CV-469S, 2009 WL 1204350, at *3 (W.D.N.Y. May 4, 2009) ("Plaintiffs' allegations that Mr. Schober suffered 'severe permanent and painful injuries,' and 'has and will be caused to expend large sums of money for treatment,' are too vague to support a finding that Plaintiffs seek in excess of $75,000."), *citing Yonkosky v. Hicks*, 409 F. Supp. 2d 149, 157 (W.D.N.Y. 2005). The Court credits counsel for both sides for conferring about the amount in controversy (Dkt. No. 15 at 2), but accepting their agreement alone would come too close to allowing the parties to consent to removal jurisdiction.

As with the issue of diversity of citizenship, information may yet emerge that establishes the amount in controversy more conclusively. The emergence of any such information is best left to discovery in the ordinary course, which will have to occur in state court at least for now. Right now, defendants have not met their burden of establishing the amount in controversy by a preponderance of the evidence.

IV.     CONCLUSION

For all of the foregoing reasons, the Court respectfully recommends granting Ortiz's motion to remand (Dkt. No. 8). Concomitantly, the Court recommends denying defendants' cross-motion (Dkt. No. 11) as moot.

V.      OBJECTIONS

A copy of this Report and Recommendation will be sent to counsel for the parties by electronic filing on the date below. Any objections to this Report and Recommendation must be

electronically filed with the Clerk of the Court within 14 days.  *See* 28 U.S.C. § 636(b)(1); FRCP

72.  "As a rule, a party's failure to object to any purported error or omission in a magistrate judge's

report waives further judicial review of the point."  *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003)

(citations omitted).

      SO ORDERED.

                                 ___/s Hugh B. Scott_____
                                 Honorable Hugh B. Scott
                                 United States Magistrate Judge

DATED: November 15, 2016